# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLEMAN McCALL, JR., individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO. 05-CV-2463 |
| DRIVE FINANCIAL SERVICES, L.P. and DRIVE GP, LLC, | : : : : | |
| Defendants. | : | |

**Anita B. Brody, J.**                                                        **July 20, 2006**

## MEMORANDUM AND ORDER

Coleman McCall, Jr. ("McCall"), as named Plaintiff, brings this class action against

Defendants Drive Financial Services, L.P. and Drive G.P., LLC (collectively, "Drive") for

violation of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §1692.

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  Before me is

Plaintiff's Motion in Limine to Determine Available Statutory Damages.  (Doc. #21.)

Plaintiff seeks statutory damages under the FDCPA for a misleading letter sent by

Defendant to each member of the certified class.   On June 19, 2006, I certified a class of roughly

204 persons who met the following criteria: "All persons with addresses in the Commonwealth

of Pennsylvania to whom letters were sent by Drive Financial on the ostensible letterhead of

Thomas Asturias, Attorney at Law, but were sent by Drive, not Asturias, in an attempt to collect

a debt incurred primarily for personal, family or household purposes since May 25, 2004, which

is the period one year prior to the filing of the Complaint in this action."  Doc. #31.

**DISCUSSION**

Section § 1692k(a) of the FDCPA measures the maximum aggregate liability of a debt

collector who engages in abusive, deceptive, or unfair debt collection practices.  15 U.S.C. §

1692k(a).  The section provides:

> **(a) Amount of Damages.**  Except as otherwise provided by this section, any debt
> collector who fails to comply with any provision of this subchapter with respect to
> any person is liable to such person in an amount equal to the sum of--
> > **(1)** any actual damage sustained by such person as a result of such failure;
> >
> > **(2)(A)** in the case of any action by an individual, such additional damages
> > as the court may allow, but not exceeding $1,000; or
> > **(B)** in the case of a class action, (i) such amount for each named plaintiff
> > as could be recovered under subparagraph (A), and (ii) such amount as the
> > court may allow for all other class members, without regard to a minimum
> > individual recovery, not to exceed the lesser of $500,000 or 1 per centum
> > of the net worth of the debt collector; and
> > **(3)** in the case of any successful action to enforce the foregoing liability,
> > the costs of the action, together with a reasonable attorney's fee as
> > determined by the court. . . .

The parties in the present case disagree as to the proper interpretation of the amount of statutory

damages recoverable under (a)(2)(B).

The first step in statutory construction is to determine "whether the language at issue has

a plain and unambiguous meaning with regard to the particular dispute in the case."  Barnhart v.

Sigmon Coal, 534 U.S. 438, 450 (2002) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340

(1997)).  If the statute is unambiguous, and "the statutory scheme is coherent and consistent," the

inquiry ends.  Id. (internal quotations omitted).  "Statutory construction is a holistic endeavor."

Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 60 (2004) (internal quotations omitted).

"A provision that may seem ambiguous in isolation is often clarified by the remainder of the

statutory scheme–because the same terminology is used elsewhere in a context that makes its

meaning clear, or because only one of the permissible meanings produces a substantive effect

that is compatible with the rest of the law." Id. (quoting United Sav. Ass'n of Tex. v. Timbers of

Inwood Forest Assocs., Ltd., 484 U.S. 365, 371 (1988).

Because § 1692k(a)  is unambiguous, its plain text controls.  The controlling introductory

language of subsection § 1692k(a) provides that:

> [A]ny debt collector who fails to comply with any provision of this subchapter with
> respect to any person is liable to such person in an amount equal to the sum of. . . .

Thus subsection (a) as a whole decides the maximum aggregate amount a debt collector may owe

to each person to whom the debt collector is liable.  This amount is calculated by adding together

the actual damages, statutory damages, and the costs of the litigation, including attorney's fees.

15 U.S.C. § 1692k(a)(1), (a)(2), (a)(3).  Because this motion only addresses the calculation of

statutory damages under the section, only (a)(2), governing statutory damages, requires

interpretation.

In an action brought by an individual, the amount of statutory damages is such amount

"as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A).  This means,

plainly, that in an *individual* action, a court may allow damages less than $1,000, but no more.

In a class action, the amount of statutory damages the class may recover includes first

"such amount [of statutory damages] for each named plaintiff as could be recovered under

subparagraph (A)." 15 U.S.C. § 1692k(a)(2)(B)(i).  Thus, a class recovery includes up to $1,000

per named plaintiff.   Added to this, the class recovery then includes  "such amount as the court

may allow for all other class members . . . not to exceed $500,000."[1]  Thus, under a plain reading

of this text, the maximum potential liability of a defendant is $1,000 multiplied by the number of

named plaintiffs plus $500,000, in this case $501,000.[2]

      This does not mean that the court in every case will grant the maximum award.  Instead,

the court, in making its determination of the amount available under paragraph (a)(2)(B), must

consider the factors set forth in paragraph (b)(2), including "the frequency and persistence of

noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt

collector, the number of persons adversely affected, and the extent to which the debt collector's

noncompliance was intentional."  15 U.S.C. § 1692k(b)(2).[3]  These factors do not address the

amount an individual class member may recover.  In the present case, therefore, Drive could

potentially be liable to the class for $501,000, with no statutorily dictated maximum per member.

The amount actually available at trial could be lower, however, based upon the (b)(2) factors.

---

    [1] We know that this amount is to be added to the $1,000 per named plaintiff under
(a)(2)(B)(i) because the two clauses under (a)(2)(B) are joined by the word, "and."

    [2] The statute does not specifically decide how this amount is divided among the plaintiff
class members, but obviously class member awards under the FDCPA are calculated in the same
manner as in any other class action.

    [3] 15 U.S.C. § 1692k(b) provides:

**(b) Factors considered by court.** In determining the amount of liability in any action under
subsection (a) of this section, the court shall consider, among other relevant factors--

> **(1)** in any individual action under subsection (a)(2)(A) of this section, the frequency and
> persistence of noncompliance by the debt collector, the nature of such noncompliance,
> and the extent to which such noncompliance was intentional; or

> **(2)** in any class action under subsection (a)(2)(B) of this section, the frequency and
> persistence of noncompliance by the debt collector, the nature of such noncompliance, the
> resources of the debt collector, the number of persons adversely affected, and the extent
> to which the debt collector's noncompliance was intentional.

Defendants argue that under (a)(2)(B), the recovery awarded to the named plaintiff is separate from the recovery awarded to "all other class members." They cite several district court decisions supporting this proposition. See Defs.' Br. In Opp. To Mot. In Limine, Doc. #23 at 14-15. While such a reading may be possible if reading (a)(2)(B) in isolation, having read the statute holistically, I respectfully disagree with these decisions.[4] Subparagraph (a)(2)(B) adds together "such amount for each named plaintiff" and "such amount . . . for all other class members." If (a)(2)(B) were meant to separate these amounts into discrete awards, the section would, in the class action context, award an amount *to* each named plaintiff and an amount *to* all other class members. Defendants' interpretation misunderstands the nature of the award under the section: the section provides *one* award in the case of an individual action (the award under (a)(2)(A)), and *one* award in the case of a class action (the award under (a)(2)(B)).

This reading of the statute is consistent with the Third Circuit's decision in Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004). Defendants argue, without direct textual support, that Weiss "makes clear that the maximum statutory relief available to a class representative in a FDCPA case is $1,000." Defs.' Br. In Opp. To Pl.'s Mot. For Class Certif. at 13. Defendants' interpretation is incorrect. In Weiss, the Third Circuit did not specifically address this issue. Rather, the Weiss Court held that a Rule 68 offer of judgment of $1,000 prior to class certification was sufficient to moot a named plaintiff's claim as an individual, but not the claims of the putative class. Defendants argue that if Weiss, as class representative, had been

---

[4] The question of *to* whom the debt collector is liable is answered by the controlling introductory language of the section: "any person" with respect to whom the debt collector has not complied with the Act. Whether the "person" is an individual or a class of persons then directs a statutory damages inquiry either to (a)(2)(A) or (a)(2)(B).

entitled to a share of the recovery, then $1,000 would not have been sufficient to moot his claim. Defendants ignore the specific language used by the court: "[T]he Rule 68 offer provided all the relief available to Weiss as an *individual* plaintiff acting in his *personal capacity*." Weiss, 385 F.3d at 342 (emphasis added).  The factual circumstances in the present case are different from those in Weiss:  here, a class has been certified, and no individual claim under (a)(2)(A) exists – only the claim of the class under (a)(2)(B).

## CONCLUSION

For the foregoing reasons, I hold that the defendants in this class action are potentially liable under the FDCPA for statutory damages of at most $501,000, subject to consideration of the factors enumerated in § 1692k(b)(2).  Because I find that § 1692k(a) calculates the amount of a defendant's liability, and not the apportionment of said amount, I also hold that § 1692k(a) does not limit the share of the class award that any class member, including McCall, may receive. An appropriate order follows.

**ORDER**

  **AND NOW**, this __20th___ day of July, 2006, it is **ORDERED** that Plaintiff's Motion in

Limine to Determine Statutory Damages (Doc. #21) is resolved as follows:

  (1) The maximum amount of statutory damages potentially available to the

  certified class is  $1,000 per named plaintiff plus $500,000, or $501,000, subject

  to the Court's treatment of the factors laid out in 15 U.S.C. § 1692k(b); and

  (2) 15 U.S.C. § 1692k(a) does not limit the share of the award to be received by

  each class member to $1,000.

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

O:\ABB 2006\McCall statutory damages.wpd